UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST E. MOTLEY, | No. 2: 16-cv-0059 MCE KJN P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss on grounds that the petition is barred by the statute of limitations. (ECF No. 10.) For the reasons stated herein, the parties are ordered to file further briefing addressing petitioner's claim for equitable tolling.

This action proceeds on the original petition filed, pursuant to the mailbox rule, on January 6, 2016. Petitioner challenges his 2010 conviction for first degree burglary, corporal injury to a co-parent, assault with force likely to produce great bodily injury, misdemeanor child abuse, felon in possession of ammunition, felon in possession of a firearm, and two counts of assault with a firearm. Petitioner is serving a sentence of 15 years.

////

Petitioner raises the following claims:  1) denial of right to confront accuser (claim 1); 2) prosecutorial misconduct (claims 2 and 3); 3) state court erred in denying petitioner's claims (claim 4); and 4) ineffective assistance of counsel (claim 5).

The one year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. See Holland v. Florida, 560 U.S. 631, 645 (2010).  A petitioner seeking equitable tolling must establish two elements:  "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

In the opposition to the motion to dismiss, petitioner argues that he is entitled to equitable tolling, in part, because he had to wait to file his habeas corpus petition in the California Court of Appeal until after he received a letter from the victim that had been admitted into evidence at an evidentiary hearing held in state court.  For the reasons stated herein, the parties are ordered to file further briefing addressing this claim for equitable tolling.  The background to this claim is as follows.

In claims two and three, petitioner alleges that the prosecutor withheld exculpatory evidence and committed misconduct.  Petitioner alleges that he was convicted of various felonies with alleged use of a firearm against victims Calvin Lynn and Vanity Rainey.  Petitioner alleges that at trial, Rainey testified that petitioner used a gun against both her and victim Lynn. Petitioner alleges that on November 19, 2013, he received a declaration from Rainey stating that she committed perjury when she testified that petitioner had a gun when he committed the crimes. Rainey also stated that she told the prosecutor before taking the witness stand that petitioner was never in possession of a gun.  Rainey claimed that the prosecutor told her, "It's okay.  Just stick to the report."  Rainey also claimed that she asked the prosecutor if she could take her anxiety medication before she testified, and he told her, "Yes, just don't tell the defense attorney." Rainey stated that the medication had her so far gone that she was a puppet in the prosecutor's hands.

Pursuant to the mailbox rule, on December 29, 2013, petitioner filed a habeas corpus petition in the Sacramento County Superior Court raising the claims raised in the instant action,

1  but for the claim challenging the state court's denial of his claims.  (Respondent's Lodged
2  Document 5.)  On March 5, 2014, the trial court denied petitioner's confrontation clause and
3  ineffective assistance of counsel claims.  (Id.)  On November 14, 2014 and January 23, 2015, the
4  Superior Court held an evidentiary hearing addressing petitioner's claims based on the Rainey
5  declaration.  (Id.)  On February 9, 2015, the Superior Court denied the claims based on the Rainey
6  declaration.  (Id.)

7      On May 31, 2015, pursuant to the mailbox rule, petitioner filed a habeas corpus petition in
8  the California Court of Appeal.  (Respondent's Lodged Document 7.)  On June 11, 2015, the
9  California Court of Appeal denied this petition.  (Respondent's Lodged Document 8.)

10      On June 30, 2015, pursuant to the mailbox rule, petitioner filed a habeas corpus petition in
11  the California Supreme Court.  (Respondent's Lodged Document 9)  On December 16, 2015, the
12  California Supreme Court denied this petition.  (Respondent's Lodged Document 10.)

13      In his opposition to the pending motion to dismiss, petitioner argues that the Superior
14  Court relied on a letter written to him by victim Vanity Rainey in September 2013 to deny his
15  habeas petition.  (ECF No. 14 at 7.)  Attached to the opposition is a copy of this letter, dated
16  September 3, 2013.  (Id. at 31-32.)  It was apparently based on this letter that petitioner obtained
17  the November 2013 declaration from Rainey stating that petitioner did not have a gun.

18      In his opposition, petitioner argues that he could not file his habeas petition in the
19  California Court of Appeal until he obtained Rainey's September 2013 letter, relied on by the
20  Superior Court.  (Id. at 7.)  Petitioner alleges that to obtain the letter, he had to go through the
21  lawyer who represented him at the evidentiary hearing, Mr. Templeton.  (Id.)  Petitioner alleges
22  that Mr. Templeton had to get the letter from the Superior Court, where it had been admitted into
23  evidence.  (Id. at 7-8.)  Petitioner alleges that Mr. Templeton mailed him the letter on May 8,
24  2015.  (Id.)  Attached to the opposition is an envelope addressed to petitioner from Mr.
25  Templeton postmarked May 8, 2015.  (Id. at 30.)

26      Petitioner argues that he filed his habeas corpus petition in the California Court of Appeal
27  on May 31, 2015, which was shortly after he received the Rainey letter.  To put petitioner's
28  argument in context, the undersigned herein sets forth Rainey's September 2013 letter, attached

as an exhibit to the petition filed in the California Court of Appeal:

> Dear Ernie,
>
> Hope all is well considering the circumstances. I have been trying to reach you for a while. I finally got your contact info from your mom. I just really want to apologize for everything that went down. I wish I could press rewind and change it all. The truth of the matter is I was truly hurt by everything you put me thru. Not only was I hurt, but I was completely numb. When I spoke with the district attorney, I let him know that a lot of things in the police report I had no memory of. He said, "it's okay … just stick to the report." I was so upset. I asked him if I could take my medication before I took the stand and he said, "yes…just don't tell the defense attorney…if she asks, say no." I was so zooted [sic] out of my mind, I became a complete puppet and the DA knew it. I seen him at the Palms in Las Vegas last year and he tried to get me to his room to have sex with him…talking bout he was always attracted to me but couldn't say anything during the case. Something about a conflict of interest! Anyway, the last 4 years have been so hard for me when I realized what I had done. I went on a downward spiral. I became addicted to prescription drugs and alcohol (real heavy alcohol) as a result of all of this. I couldn't face myself. I had to find a way to numb the pain. By the grace of God, I got myself clean and sober…recently. That's why it took me this long to contact you. I was in like a 4 year haze. Now that I'm myself again, I know that I have to do the right thing. It breaks my heart to look at our daughter and know that I took her father for my own selfish reasons. I have no intention no getting back together with you... that's not what that is about. It's about Hailey and me righting my wrongs. I have had so much bad karma and I know why. We have a daughter to raise and I can't do it without you so please let me know what I can do to help your case. I spoke with your appeal attorney a while back but he did not lead me in the right direction. Please give me a call at *** *** ****. I won't be at the return address for too much longer. I'm moving so I you need to write me back, just send it to your mom's house. Once I get a permanent address, I will let you know. Take care, Vanity.

(Respondent's Lodged Document 7 at D-2 to D-3.)

The Superior Court found Rainey's testimony at the evidentiary hearing to not be credible based, in part, on the September 2013 letter:

> Rainey's recantation of a vital aspect of her trial testimony after five years is highly suspicious. (See In re Hall (1981) 30 Cal.3d 408, 418 ["we routinely view recantations with suspicion"].) This is especially true because Rainey's statements and previous testimony were consistently contrary to her current version: Immediately after Petitioner assaulted her, Rainey reported to her mother that Petitioner hit Rainey with a gun; Rainey described the gun to the 911 dispatch officer; Rainey told medical staff that she was hit in the head with a gun; she reported to multiple law

<a>
</a>
<a>
</a>
<a>
</a>

<a>
</a>

<a>
</a>
<a>
</a>
<a>
</a>

<a>
</a>

<a>
</a>
<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>
<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

<a>
</a>

> enforcement officers that she was hit in the head with a gun; she testified at the preliminary hearing that Petitioner hit her in the face with a gun; and she testified at trial that Petitioner hit her in the face with a gun. Although Petitioner attempted to introduce evidence at trial that Rainey admitted to Kevin Brown that she lied in her trial testimony, Brown could only say, "She [Rainey] didn't specifically say I lied and said it was a gun." (RT 394.)
>
> In addition, Rainey's evidentiary hearing testimony did not explain the circumstantial evidence of Petitioner's use of a gun: that bullets were found in Rainey's bedroom the following day, which was consistent with Rainey's previous testimony that Petitioner's gun jammed. Finally, Rainey's explanation for lying for the last five years is unconvincing: she was angry at Petitioner, that she was embarrassed about Calvin Lynn not defending her, and she had to "save face." *More telling is her 2013 letter to Petitioner, saying that she could not raise their daughter without Petitioner and asking "what I can do to help your case."*
>
> Although Hailey Rainey and Lynn testified that they did not see Petitioner with a gun, both were impeached with their prior statements in which they described Petitioner having a gun. Due to the passage of time and Hailey Rainey's age, her testimony at the evidentiary hearing was not credible. Similarly, due to the passage of time, Lynn's original 2009 statement was more credible.
>
> Under these circumstances, Rainey's recantation does not undermine confidence in Petitioner's conviction. Therefore, Petitioner has not shown by a preponderance of the evidence that false evidence was presented at his trial.

(Respondent's Lodged Document 6 at 6-7 (emphasis added).)

In his habeas petition filed in the California Court of Appeal, petitioner argued that the Superior Court took statements in Rainey's September 2013 letter "out of context" when relying on the letter to reject the credibility of Rainey's evidentiary hearing testimony. (Respondent's Lodged Document 7 at p. 4-S.) Petitioner argued,

> Next the referee concluded that Ms. Rainey's recantation about petitioner not having a gun was highly suspicious because she wrote him a letter stating that "she could not raise their daughter without petitioner and asking 'what can I do to help your case." (Attached Ex. C, p. 7.) The referee reads Ms. Rainey's letter out of context and not as a "whole." Specifically, Ms. Rainey starts off her letter by stating that she really apologizes for everything that went down concerning the trial. (Attached Exhibit D. p. 2.) Ms. Rainey further stated that she told the district attorney that she had no memory of a lot of things in the police report, and that the district attorney told her to just stick to the report. (Id.) Ms. Rainey continues in her letter stating that she was in a four year haze from drugs and alcohol as a result of how she sent petitioner to prison.

5

> (Id. at pp. 2-3.)  And, Ms. Rainey stated that she felt she had to do the right thing now she was off of drugs and alcohol.  (Id. at p. 3.)
>
> What is crucial to note about Ms. Rainey's letter is that her statement -- "she could not raise their daughter without petitioner" –was not made because she just wanted petitioner out of prison, but rather Mr. Rainey made that statement because she knew she unjustly took her daughter's father away for her "own selfish reasons."  As Ms. Rainey states in relevant Part:  I have to do the right thing.  It breaks my heart to look at our daughter and know that I took her father for 'my own self reasons.'"  (Attached Ex. D. p. 3.)  Indeed, Ms. Rainey made it clear in her letter and in her testimony that "her own self reasons," id., was a result of her being hurt by everything that petitioner had put her through with the infidelities and physical abuse (Id. at p. 2; see also attached Exhibit A, ¶ 8; attached Ex. A. pp. 28), not because petitioner had a gun.  Thus Ms. Rainey's statement – "Please let me know what I can do to help your case" (attached Ex. D p. 3.) – was not made as a part of a sinister plot to get petitioner out of prison, but rather it was as a normal statement made by a person who was willing to make her wrong right by telling the truth.
>
> Simply put, because petitioner's case is the subject of Ms. Rainey's wrongdoing, a reasonable or normal response by Ms. Rainey would be for her to ask petitioner "what can I do to help your case."

(Id.at 4-S to 45-V.)

Petitioner made the same arguments in the petition filed in the California Supreme Court.  (Respondent's Lodged Document 9 at 4S to 4V.)

A denial of access to legal materials may be grounds on which to find equitable tolling.  See Walderon-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009); Lott v. Mueller, 304 F.3d 918 (9th Cir. 2002.)  However, in order to obtain equitable tolling based on being denied access to legal materials, a prisoner is still required to demonstrate that he acted diligently in pursuing his rights.  Holland v. Florida, 560 U.S. 631, 649 (2010).

As noted by respondent in the reply to petitioner's opposition, petitioner has not demonstrated when he first requested that counsel obtain the letter from the Superior Court or why petitioner could not have requested the letter from the court himself.  Accordingly, petitioner is ordered to file further briefing addressing these issues.  If petitioner has any documents demonstrating when he made this request to counsel, he shall include them with his further briefing.  Respondent will be granted an opportunity to file a response to petitioner's further

briefing.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the date of this order, petitioner shall file the further briefing described above; within fourteen days thereafter, respondent may file a reply to petitioner's further briefing.

Dated: August 4, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mot59.fb