UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST E. MOTLEY, | No. 2: 16-cv-0059 MCE KJN P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| UNKNOWN, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss on grounds that the petition is barred by the statute of limitations. (ECF No. 10.) Respondent also moves to dismiss claim 4 for failing to state a cognizable federal claim. (Id.)

After carefully considering the record, the undersigned recommends that respondent's motion be granted in part and denied in part.

II. Petitioner's Claims

This action proceeds on the original petition filed, pursuant to the mailbox rule, on January 6, 2016. Petitioner challenges his 2010 conviction for first degree burglary, corporal injury to a co-parent, assault with force likely to produce great bodily injury, misdemeanor child abuse, felon in possession of ammunition, felon in possession of a firearm, and two counts of

1

assault with a firearm. Petitioner is serving a sentence of 15 years.

Petitioner raises the following claims: 1) denial of right to confront accuser (claim 1); 2) prosecutorial misconduct (claims 2 and 3); 3) state court erred in denying petitioner's claims (claim 4); and 4) ineffective assistance of counsel (claim 5).

III. Claim 4

In claim 4, petitioner alleges that the Superior Court's finding of fact following an evidentiary hearing constituted an unreasonable determination of the facts in violation of 28 U.S.C. § 2254(d)(2). The Superior Court conducted the evidentiary hearing based on petitioner's prosecutorial misconduct claims.

Respondent moves to dismiss claim 4 on grounds that this claim does not allege a federal claim. The undersigned does not find that claim 4 raises a separate claim. Instead, the undersigned construes claim 4 as further briefing in support of petitioner's prosecutorial misconduct claims. For this reason, respondent's motion to dismiss claim 4 should be denied.

IV. Discussion re: Statute of Limitations

　　A. Calculation of Date for Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. This statute of limitations provides that,

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).

On February 28, 2013, the California Court of Appeal modified the judgment to amend petitioner's sentence. (Respondent's Lodged Document 2.) The judgment was confirmed in all other respects. (Id.) Petitioner did not file a petition for review in the California Supreme Court. The time to seek direct review ended on April 9, 2013, i.e., forty days after the California Court of Appeal confirmed the judgment on February 28, 2013. See California Rules of Court 8.366 and 8.5000. Respondent argues that the statute of limitations began running on the following day, i.e., April 10, 2013. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed.R.Civ.P. 6(a)). Thus, respondent argues, the last day to file a timely federal petition was April 9, 2014. Respondent argues that the instant action is not timely unless petitioner is entitled to statutory or equitable tolling.

For the following reasons, the undersigned finds that respondent's argument regarding calculation of the limitations period is partly correct. The statute of calculations is calculated on a claim-by-claim basis. Mardesich v. Cate, 668 F.4d 1164, 1170 (9th Cir. 2012). Petitioner's claims implicate different triggering events.

*Claims One and Five*

In claim one, petitioner alleges that he was denied the right to confront victim Calvin Lynn, who did not testify at trial. In claim five, petitioner alleges that his trial counsel was ineffective for failing to impeach victim Vanity Rainey's testimony that she had not been in a relationship with petitioner with evidence that she had aborted petitioner's child. Petitioner claims that he told his counsel about this abortion. Petitioner attaches medical records of this abortion and claims his counsel should have investigated these records.

Petitioner clearly had knowledge of the grounds of claims one and five at the time of his conviction. Thus, the statute of limitations for claims one and five ran from the date petitioner's conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). Because the instant petition was

3

not filed within one year of that date, i.e., April 9, 2013, these claims are not timely unless petitioner is entitled to statutory or equitable tolling as to these claims.

*Claims Two, Three and Four*

For the following reasons, the undersigned finds that the statute of limitations for claims two, three and four is calculated pursuant to 28 U.S.C. § 2244(d)(1)(D), i.e, when the factual predicate of these claims was discovered.

In claims two, three and four, petitioner alleges that the prosecutor withheld exculpatory evidence and committed misconduct. Petitioner alleges that he was convicted of various felonies with use of a firearm against victims Calvin Lynn and Vanity Rainey. Petitioner alleges that at trial, Rainey testified that petitioner used a gun against both her and victim Lynn. Petitioner alleges that on November 19, 2013, he received a declaration from Rainey stating that she committed perjury when she testified that petitioner had a gun when he committed the crimes. Rainey also stated that she told the prosecutor before taking the witness stand that petitioner was never in possession of a gun. Rainey claimed that the prosecutor told her, "It's okay. Just stick to the report." Rainey also claimed that she asked the prosecutor if she could take her anxiety medication before she testified, and he told her, "Yes, just don't tell the defense attorney." Rainey stated that the medication had her so far gone that she was a puppet in the prosecutor's hands.

The objective standard in determining when time begins to run under Section 2244(d)(1)(D) is "when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150 (9th Cir. 2001), (quoting Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)). "Section 2244(d)(1)(D) does not demand the maximum diligence possible, but only 'due' or 'reasonable' diligence." Souliotes v. Evans, 622 F.3d 1173, 1178 (9th Cir. 2010), vacated on other grounds, 654 F.3d 902 (9th Cir. 2011) (citing Starns v. Andrews, 524 F.3d 612, 618–19 (5th Cir. 2008).

The record demonstrates that petitioner allegedly did not become aware of the factual predicate for claims two, three and four until he received the declaration from Rainey in November 2013. In other words, using due diligence, petitioner could not have discovered the

4

factual predicate of these claims any sooner.  Accordingly, the undersigned finds that the statute of limitations for claims two, three and four runs from the day after November 19, 2013, i.e., the date petitioner alleges he received the Rainey declaration.  (ECF No. 1 at 59-62.)

In the reply, respondent argues that petitioner knew at trial that he did not use a gun.  Thus, respondent argues, the victim's letter is "merely evidence" to support his claim that he is actually innocent of the gun charges.  Respondent's argument is without merit.  Assuming that a petitioner is innocent, the fact that he was aware of his innocence at trial does not serve to bar claims based on newly discovered evidence.  See Souliotes v. Evans, 622 F.3d at 1178–79 ("The state's circular argument points out the obvious—that an innocent defendant is aware of his innocence from the time he is convicted—and it is not helpful.").

Accordingly, petitioner had one year from November 20, 2013, to raise claims two, three and four in a federal petition.  These claims are not timely unless petitioner is entitled to statutory or equitable tolling.

B.  Statutory Tolling

*Legal Standard*

Section 2244(d)(2) suspends the limitations period not only for the time during which a "properly-filed" application for post-conviction relief is "pending" in state court but also, in appropriate circumstances, "during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay."  Biggs v. Terhune, 339 F.3d 1045, 1046 (9th Cir. 2003); see also Carey v. Saffold, 536 U.S. 214, 219-25 (2002) (in California cases, a post-conviction matter is "pending" between the denial of a petition in a lower court and the filing, "within a reasonable time," of a "further original state habeas petition in a higher court").  Continuous tolling under Section 2244(d)(2)—commonly referred to as interval or gap tolling—is available only if a prisoner acted promptly in seeking relief at the next state court level.  See Evans v. Chavis, 546 U.S. 189, 191-92 (2006); Pace v. DiGuglielmo,  544 U.S. 408, 413-14 )(2005).

////

////

*State Court Petitions*

Pursuant to the mailbox rule, petitioner filed a habeas corpus petition in the California Supreme Court on June 16, 2011. (Respondent's Lodged Document 3.) This petition raised two claims not raised in the instant action. (Id.) On January 25, 2012, the California Supreme Court denied this petition. (Respondent's Lodged Document 4.)

Pursuant to the mailbox rule, petitioner filed a habeas corpus petition in the Sacramento County Superior Court on December 29, 2013, raising the claims raised in the instant action. (Respondent's Lodged Document 5.) On March 5, 2014, the trial court denied petitioner's confrontation clause and ineffective assistance of counsel claims. (Id.) On November 14, 2014, and January 23, 2015, the Superior Court held an evidentiary hearing addressing petitioner's claims based on the Rainey declaration. (Id.) On February 9, 2015, the Superior Court denied the claims based on the Rainey declaration. (Id.)

On May 31, 2015, pursuant to the mailbox rule, petitioner filed a habeas corpus petition in the California Court of Appeal raising the claims raised in the instant petition. (Respondent's Lodged Document 7.) On June 11, 2015, the California Court of Appeal denied this petition without comment or citation. (Respondent's Lodged Document 8.)

On June 30, 2015, pursuant to the mailbox rule, petitioner filed a habeas corpus petition in the California Supreme Court raising the claims raised in the instant petition. (Respondent's Lodged Document 9) On December 16, 2015, the California Supreme Court denied this petition without comment or citation. (Respondent's Lodged Document 10.)

*Analysis- Claims One and Five*

As discussed above, the statute of limitations for claims one and five ran from the date petitioner's conviction became final on April 9, 2013.

Petitioner's first state habeas petition was filed and denied prior to the effective date of the statute of limitations for claims one and five. Thus, this first petition had no tolling consequence. Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (Although the filing of a state habeas petition "would otherwise have tolled the running of the federal limitations period, since it was denied before that period had started to run, it had no effect on the timeliness of the ultimate federal

1 filing.").

2 As noted by respondent, petitioner is not entitled to tolling for the time between when his
3 conviction became final and when he filed his next state habeas petition in Superior Court on
4 December 13, 2013, as no state petition was pending. See Thorson v. Palmer, 479 F.3d 643, 646
5 (9th Cir. 2007).

6 As discussed above, on December 13, 2013, petitioner began a new round of state court
7 habeas petitions, when he filed his petition in Superior Court raising the claims raised in the
8 instant action. This petition was filed during the limitations period. Accordingly, petitioner is
9 entitled to tolling for the time this petition was pending, i.e., 408 days from December 29, 2013,
10 until February 9, 2015, extending the limitations period to May 22, 2015.

11 Petitioner filed his next state petition in the California Court of Appeal on May 31, 2015.
12 Because this petition was filed after the limitations period ran, petitioner is not entitled to
13 statutory tolling as to this petition or his petition filed in the California Supreme Court. See
14 Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (once the statute of limitations period
15 runs, subsequent collateral review petitions do not "restart" the clock.) Accordingly, claims one
16 and five are untimely unless petitioner is entitled to equitable tolling.

17 *Claims Two, Three and Four*

18 As discussed above, petitioner had one year from November 20, 2013, to file a timely
19 federal petition as to claims two, three and four.

20 For the reasons discussed above as to claims one and five, petitioner is not entitled to
21 statutory tolling for the time his first state petition, filed in the California Supreme Court, was
22 pending. Also for the reasons discussed above, petitioner is not entitled to statutory tolling for the
23 time between when his conviction became final and when he began his second round of state
24 habeas actions by filing his petition in the Superior Court on December 13, 2013.

25 Petitioner is entitled to statutory tolling as to claims two, three and four for the 408 days
26 his petition was pending in the Superior Court, as this petition was filed during the limitations
27 period. The 408 days extended the limitations period for these claims to January 2, 2016. The
28 instant action, filed January 6, 2016, is untimely by four days.

1    For the following reasons, petitioner is not entitled to gap tolling for the 111 days he
waited to file his petition in the California Court of Appeal following the denial of the petition by
the Superior Court.  Under California law, a habeas petition is timely only if filed within a
"reasonable time."  See Chavis, 546 U.S. at 192.  Because "California courts had not provided
authoritative guidance on this issue," the Supreme Court in Chavis "made its own conjecture …
'that California's "reasonable time" standard would not lead to filing delays substantially longer
than' between 30 and 60 days."  Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting
Chavis, 546 U.S. at 199).  However, if a petitioner demonstrates good cause, California courts
allow a longer delay.  Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal.4th 770, 780 (Cal.
1998)).  A petition that has been substantially delayed may nevertheless be considered on the
merits if the petitioner can establish good cause for the delay, such as investigation of a
potentially meritorious claim, or to avoid piecemeal presentation of claims.  Robbins, 18 Cal.4th
at 780.

    When the timeliness of a federal habeas petition is at issue, and there is not clear
indication by the state court whether or not the underlying claim was timely, "the federal court
'must itself examine the delay in each case and determine what the state courts would have held
in respect to timeliness.'"  Stewart v. Cate, 757 F.3d 929, 935 (9th Cir. 2014) (quoting Chavis.)
In other words, even if the California court did not expressly address the timeliness issue, a
federal habeas court must do so when faced with an interval tolling question.

    The California Court of Appeal denied petitioner's habeas petition without comment or
citation.  However, because this petition was filed beyond the 30 to 60 day time period found
reasonable by the Supreme Court in Chavis, the undersigned must determine whether the
California Court of Appeal would have found this petition timely.  For the following reasons, the
undersigned finds that the California Court of Appeal would not have found this petition timely,
i.e., petitioner has not shown good cause for the delay.

    In the opposition to the pending motion, petitioner argues that he had to wait to file his
petition in the California Court of Appeal until he obtained a copy of the transcript from the
evidentiary hearing held in the Superior Court and until he obtained a copy of an exhibit from the

8

evidentiary hearing i.e., the "Rainey letter." (ECF No. 14.) Petitioner argues that he required the Rainey letter and the transcript from the evidentiary hearing in order to challenge the Superior Court's denial of his habeas petition. Petitioner alleges that he received the transcript from the court reporter on or around March 25, 2015. (Id. at 6.) Petitioner alleges that he received the letter from the lawyer who represented him at the evidentiary hearing on or around May 8, 2015. (Id. at 7.)

For the following reasons, the undersigned finds that petitioner has not shown good cause, under California law, to justify his delay in filing his petition in the California Court of Appeal. Petitioner was not required, by California law, to include the transcript or the Rainey letter with his petition filed in the California Court of Appeal or California Supreme Court.

California Rule of Court 8.380(b) provides, in relevant part, that habeas petitions filed in the California Court of Appeal or the California Supreme Court by petitioners not represented by attorneys need not comply with the provisions of Rule 8.486 that prescribe the form and content of a petition.[1] Rule 8.486 addresses the requirements for petitions for writs of mandate, certiorari and prohibition in the California Supreme Court and Court of Appeal. Rule 8.486(b) states, in relevant part, that petitions seeking review of a trial court ruling must be accompanied by an adequate record including copies of all documents and exhibits submitted to the trial court supporting and opposing the petitioner's position and a reporter's transcript of the oral proceedings that resulted in the ruling under review.

Because 8.486 does not apply to habeas petitions filed by pro se petitioners, petitioner was not required to provide the Court of Appeal with the transcript from the evidentiary hearing or the Rainey letter presented as an exhibit at the evidentiary hearing.[2] California Rule of Court 8.385(a) provides that before ruling on a habeas corpus petition, a Court of Appeal may order the

---

[1] Subsection (b) of Rule 8.380 was in effect when petitioner filed his habeas petition in the California Court of Appeal on May 31, 2015. See http://www.courts.ca.gov/cms/rules/index.cfm?title=eight&linkid=rule8_380.

[2] In contrast, the undersigned observes that California Rule 8.384(b) specifically provides that habeas corpus petitions *filed by an attorney* for a party must include a transcript from an evidentiary hearing if one was held.

9

1  custodian of any relevant record to produce the record or a certified copy to be filed with the
2  court. Therefore, the California Court of Appeal could have ordered the transcript from the
3  evidentiary hearing and the Rainey letter.

4  As discussed above, under California law, a petition that has been substantially delayed
5  may nevertheless be considered on the merits if the petitioner can establish good cause for the
6  delay, such as investigation of a potentially meritorious claim, or to avoid the piecemeal
7  presentation of claims. Robbins, 18 Cal.4th at p. 780. Petitioner's grounds for the delay in filing
8  his petition in the California Court of Appeal, i.e., he had to wait to obtain the transcript and
9  exhibit, do not constitute good cause as California law did not require that he include these
10 documents with his petition. Based on these circumstances, the undersigned finds that petitioner
11 has not shown good cause for his delay in filing his habeas corpus petition in the California Court
12 of Appeal. Therefore, the California Court of Appeal would have deemed petitioner's habeas
13 petition untimely. Accordingly, petitioner is not entitled to gap tolling as to this petition.

14 Because the petition filed in the California Court of Appeal was filed within the
15 limitations period with respect to claims two, three and four, petitioner is entitled to statutory
16 tolling for the 8 days this petition was pending in the California Court of Appeal, i.e., from May
17 31, 2015, to June 11, 2015. Adding 11 days to the limitations period extends it to January 13,
18 2016, rendering these claims timely filed in federal court.

19     C. Equitable Tolling for Claims One and Five
20 *Legal Standard*
21 The one year statute of limitations for filing a habeas petition may be equitably tolled if
22 extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time.
23 See Holland v. Florida, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling must
24 establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some
25 extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).
26 *Analysis*
27 The undersigned herein considers whether petitioner is entitled to equitable tolling as to
28 claims 1 and 5. On August 4, 2016, the undersigned ordered the parties to file further briefing

addressing equitable tolling. (ECF No. 19.) In particular, the undersigned ordered the parties to address his attempts to obtain the Rainey letter in support of his petitions filed in the California Court of Appeal and California Supreme Court. As discussed herein, after further consideration of this issue, the undersigned finds that petitioner is not entitled to equitable tolling on this ground.

Petitioner's grounds for equitable tolling are the same as alleged to establish good cause under California law for filing the untimely petition in the California Court of Appeal, i.e., the delay in petitioner's receipt of the evidentiary hearing transcript and the Rainey letter exhibit. While these documents were relevant to petitioner's claims two, three and four, petitioner was not required by California law to include these exhibits with his habeas petitions filed in the California Court of Appeal and California Supreme Court.

As noted by the undersigned in the August 4, 2016 order, a denial of access to necessary legal materials may be grounds to find equitable tolling. See Walderon-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009); Lott v. Mueller, 304 F.3d 918 (9th Cir. 2012). However, as discussed above, the transcript and Rainey letter exhibit that caused petitioner to file the untimely petition in the California Court of Appeal were not required to be filed with this state appellate or California Supreme Court petitions, i.e., they were not necessary.

In essence, petitioner mistakenly believed that he was required to submit the transcript from the evidentiary hearing and the Rainey letter exhibit with his petitions filed in the California Court of Appeal and California Supreme Court. Petitioner's mistaken belief that he was required to include these documents with his state habeas petitions does not warrant equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (collecting cases from other circuits and holding that a "pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance."); Ford v. Pliler, 590 F.3d 782, 789 (9th Cir. 2009) (observing that equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); Warden-Ramsey, 556 F.3d at 1013 n.4 ("a pro se petitioner's confusion or ignorance of the law is not, itself a circumstance warranting equitable tolling").

////

Petitioner's decision to wait to file his habeas petition in the California Court of Appeal until he obtained these documents does not constitute an extraordinary circumstance that prevented petitioner from filing a timely federal habeas petition as to claims one and five.

The undersigned also observes that petitioner waited eight months after his conviction became final to file his state habeas petition raising claims one and five. Petitioner's receipt of the Rainey declaration, in support of claims two, three and four, apparently prompted him to file this petition in the Superior Court. However, petitioner does not explain why he did not raise claims one and five earlier. Petitioner's failure to address this delay also supports a finding that petitioner did not act diligently when pursuing claims one and five and that an extraordinary circumstance did not prevent him from timely raising these claims.

Accordingly, petitioner is not entitled to equitable tolling as to claims one and five.

D. Relation Back

Although untimely, claims one and five are permitted to proceed if they relate back to the timely claims. Under Federal Rule of Civil Procedure 15(c), an untimely claim "relates back" to a timely claim if both claims arise out of the same "conduct, transaction or occurrence." An untimely claim does not relate back for statute of limitations purposes when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. Mayle v. Felix, 545 U.S. 644, 650 (2005).

Claims one and five are unrelated to claims two, three and four. As discussed above, in claim one, petitioner alleges that he was denied the right to confront victim Lynn, who did not testify at trial. In claim five, petitioner alleges that his trial counsel was ineffective for failing to impeach victim Rainey's testimony that she had not been in a relationship with petitioner with evidence that she had aborted petitioner's child. Claims two, three and four allege that the prosecutor withheld exculpatory evidence and committed misconduct by concealing evidence that Rainey had told him that petitioner did not have a gun.
Claims one and five do not relate back to claims two, three and four because they raise different grounds for relief based on different facts.

////

1         Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss
2  (ECF No. 10) be granted as to claims one and five, and denied as to claims two, three and four;
3  respondent be ordered to file an answer addressing claims two, three and four within thirty days
4  of the adoption of these findings and recommendations.

5         These findings and recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7  after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections,
10 he shall also address whether a certificate of appealability should issue and, if so, why and as to
11 which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the
12 applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §
13 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after
14 service of the objections.  The parties are advised that failure to file objections within the
15 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
16 F.2d 1153 (9th Cir. 1991).

17 Dated:  February 15, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mot59.157