UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST E. MOTLEY, | No. 2: 16-cv-0059 MCE KJN P |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 15, 2017, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Respondent has filed objections to the findings and recommendations.

The magistrate judge recommended that respondent's motion to dismiss on grounds that petitioner's claims were barred by the statute of limitations be granted in part and denied in part. In the motion to dismiss, respondent argued that the statute of limitations for petitioner's five claims ran from the date petitioner's conviction became final. Because claims two, three and four were based on newly discovered evidence, the magistrate judge found that the statute of

1

limitations for these claims ran from the date the factual predicate of these claims was discovered. The magistrate judge calculated petitioner's statutory tolling as to claims two, three and four based on this finding.

In the objections, respondent agrees that the statute of limitations for claims two, three and four runs from the date the factual predicate of these claims was discovered. Respondent argues that the magistrate judge did not correctly calculate statutory tolling with respect to these claims. Respondent admits that he did not previously raise this argument.

In the findings and recommendations, citing Evans v. Chavis, 546 U.S. 189 (2006), the magistrate judge stated that to be entitled to gap tolling, the petitioner must file his state habeas petitions within a reasonable time. The magistrate judge found that petitioner was not entitled to gap tolling for the 111 days he waited to file his petition in the California Court of Appeal following the denial of his petition by the Superior Court. The magistrate judge found that this delay was not reasonable. The magistrate judge went on to find that petitioner was entitled to tolling for the eight days his otherwise timely petition was pending in the California Court of Appeal, which rendered claims two, three and four timely.

In the objections, respondent argues that the magistrate judge incorrectly found that petitioner was entitled to statutory tolling for the eight days his petition was pending in the California Court of Appeal. In essence, respondent argues that the finding that petitioner was not entitled to gap tolling for the 111 days he delayed in filing the petition in the California Court of Appeal means that the state appellate petition was untimely. Because the state appellate petition was untimely, respondent argues that petitioner was not entitled to statutory tolling for the eight days this petition was pending. Respondent further argues that the filing of the untimely petition in the California Court of Appeal rendered petitioner's habeas petition filed in the California Supreme Court untimely as well.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations made by a magistrate judge in a habeas case. See 28 U.S.C. § 636(b)(1). The Court must undertake a de novo review of those portions of the findings and recommendations to which specific objections are made. See id; United States v. Reyna-Tapia, 328 F.3d 1114, 1121

(9th Cir. 2003). However, a party is not entitled as of right to de novo review of evidence and arguments raised for the first time in an objection to the findings and recommendations, and whether the Court considers the new facts and arguments presented is discretionary. United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). This court, in an exercise of discretion, declines to address the new argument raised by respondent in the objections that the magistrate judge did not properly calculate statutory tolling with respect to claims two, three and four.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 15, 2017, are adopted in full;

2. Respondent's motion to dismiss (ECF No. 10) is granted as to claims one and five, and denied as to claims two, three and four; respondent shall file an answer addressing claims two, three and four within thirty days of the date of this order; petitioner may file a reply to the answer within thirty days thereafter.

IT IS SO ORDERED.

Dated: May 31, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that "[n]either the Ninth Circuit nor the United States Supreme Court has addressed whether a delay in filing may deprive a petitioner of statutory tolling for the pendency of an otherwise properly filed state petition when the state court does not expressly indicate that the petition was untimely. Presently, Evans only affects entitlement to interval tolling." Montue v. Stainer, 2014 WL 6901853 at *4 n. 3 (E.D. Cal. 2014); see also Robinson v. Lewis, 795 F.3d 926, 934 n. 7 (9th Cir. 2015) (Ninth Circuit declined to address this issue raised by state for the first time on appeal). In the objections, respondent does not cite any direct authority for its position that the reasoning of Evans v. Chavis with respect to interval tolling extends to otherwise properly filed petitions.